# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINIA EZZET BOUTROS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NADA ASHOO ADIADI,<br><br>　　　　　　　Defendant. | Case No.: 25-cv-00055-DMS-VET<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE** |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).[1] (Defendant's Motion ("Def.'s Mot."), ECF No. 4). Plaintiff has not filed an Opposition.[2] For the following

---

[1] The Court has opted to resolve this Motion in Defendant's favor based on Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). However, Defendant's jurisdictional argument also has merit. *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *see also Rice v. U.S. Supreme Ct.*, 2003 WL 22999539, at *2 (N.D. Cal. Dec. 17, 2003) (dismissing complaint with prejudice for lack of subject-matter jurisdiction because plaintiff failed to state "coherent claim" against defendants).

[2] Civil Local Rule 7.1(f)(3)(c) states that if an opposing party fails to file a response in opposition to a motion, that failure may constitute consent to the granting of a motion. While a district court may grant an unopposed motion pursuant to a local rule which permits as much, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), the Court **DECLINES** to grant Defendant's Motion to Dismiss on procedural grounds and addresses the Motion on the merits under Federal Rule of Civil Procedure 12(b)(6).

reasons, Defendant's Motion to Dismiss is **GRANTED**.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged their claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## II. DISCUSSION

As best as the Court can decipher, Plaintiff sues Defendant for allegedly participating in an "illegal force" that has harmed her. (Plaintiff's Complaint ("Compl."), ECF No. 1). According to Plaintiff, this "illegal force" involves the radio station of Jeff

Detrow and Jerry Cesak. (*Id.* at 2). She claims that the "illegal force" has forbiddingly "read[] . . . the nook of [her] private brain" to "rob [her] control" of her "image of leading [the] USA and the world." (*Id.* at 4–5).

Plaintiff's Complaint does not allege any cause of action and fails to "plausibly allege facts to support the elements of any cause of action." *Rashidiasl v. MEP*, 2023 WL 3728685 (S.D. Cal. May 30, 2023); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff alleges only in a conclusory manner that a "force" is out to get her. The Court is left guessing about the nature of this "force" and the role of Defendant in harming Plaintiff. In short, Plaintiff's Complaint is confusing and nonsensical. It does not afford Defendant a fair opportunity to defend herself. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

### III.   LEAVE TO AMEND

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires". Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should not grant leave to amend if there is (1) "undue delay", (2) "bad faith or dilatory motive", (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

The Court **DENIES** Plaintiff leave to amend because it would be futile. Plaintiff's allegations appear delusional and therefore frivolous. A "court may dismiss a claim as factually frivolous . . . when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff speaks of an "illegal force", "psychic readings", and "soul robbers". (*See generally* Compl.). The Court fails to see how these allegations are realistic. "Because Plaintiff's allegations are fanciful and

delusional, it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Diggs v. Gallucci Shiomoto*, 2024 WL 4394784, at *4 (S.D. Cal. Oct. 2, 2024) (internal quotation marks and citation omitted). The Court **GRANTS** Defendant's Motion without leave to amend. *See Kabbe v. City of San Diego*, 139 F.3d 905 (9th Cir. 1998) ("The district court did not abuse its discretion by dismissing Kabbe's action because her claims are fanciful, delusional and legally frivolous.").

## IV.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint without leave to amend. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 3, 2025

_____

Hon. Dana M. Sabraw, District Judge
United States District Court